By the Court,
Lane, C. J.
The practice of presenting issues ol fact and law to the same pleading at the same time, which prevails in one or two circuits, is very loose. In our opinion the p arty pleading *136 should be put to elect one and abandon the other. As the par*ties have in this case argued all the questions; we will examine the whole.
The plaintiffs seek to recover the amount of the defendant’s subscription to their stock. The declaration sets forth that the plaintiffs were incorporated to construct a canal between certain points therein named, upon certain routes and upon certain conditions; that books of subscription were opened and the defendant subscribed ten shares of their stock, by which he became liable and promised to pay it, in such instalments as the directors might require; that the company duly organized and appointed officers; and that defendant has been called upon, and duly notified by publication in newspapers of general circulation, to pay the several instalments, amounting to one hundred dollars on each share, the last of which publication was thirty days before suit, by means whereof he became liable, and promised, -etc. The defendant sets up in his special plea, that when he subscribed, the act of incorporation provided, that the canal should commence at some such suitable point on the Portage Summit, as the Ohio canal commissioners should direct; that the powers of the canal commissioners were transferred to the board of public works ; that certain persons, after the subscription and without his knowledge and consent, by fraud and deception, procured an act of the legislature, repealing the said provision, and authorizing either the board of public works or the canal commissioners to fix the intersection with the Ohio canal; and that afterwards, before suit, said board did determine the canal should not terminate at any point on the Portage Summit, against defendant’s wishes or consent.
The first question arising upon the demurrers is, upon the sufficiency of the declaration. The 15th section of the act of incorporation provides, that “ each subscriber shall be bound to pay, from time to time, such instalments on his stock as the president and directors shall require, they giving at least thirty days’ previous notice of the time and place of making such payment, in at least one newspaper of general circulation in each of the counties through which the canal may pass.” These facts, viz. the requisition of instalments, and the notices of the times and places of payments, being conditions precedent upon which the instalments become due, are facts to be set forth with convenient certainty, and averments of time and place. The pleader has attempted to save labor, by asserting in one broad allegation, that the defendant had been called upon and duly notified “ by publication in newspapers *137 •of general circulation, in the counties through which the canal passes, from time to time, between the 6th of July, *1835, and the 25th •of July, 1837, to pay the several instalments, amounting to one hundred dollars per share, at the times and places specified therein.” This is toe general, as to the publication of the notices, presenting no issuable points to the defendant, and all averment of the requisition by ■the directors is omitted. Nothing farther is necessary to decide the defendant’s demurrer in his favor.
• The parties have argued another question. The act of incorporation ias passed, was to construct a canal between the Portage Summit of the •Ohio canal, and the Pennsylvania canal. The amendment authorizes a change in the termination, from the Portage Summit, to such point on the Ohio canal as the board of public works shall direct. How far the Portage Summit terminus is an element of the contract, or what latitude of interpretation the phrase “ Portage Summit” will bear, we need not now decide. It is not every minute change which will absolve a subscriber from his engagements. In works of this kind, some power of regulation is retained by the legislature, some discretion is ■confided to agents who execute the details. Where the subscription is general, unincumbered with conditions, perhaps the stockholder has no reason to complain of any line of transit, which starts from the same point of business,accommodates the same travel and transportation, .and substantially subserves the same general interests. Perhaps the use of the Ohio canal as a part of the liae of communication between these points is not beyond the due discretion of the commissioners.
Cause remanded, with leave to amend.